UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS ELLIS,

     Plaintiff,

v.                                                     Case No:   8:24-cv-00850-JLB-AEP

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

     Defendants.
_____/

## ORDER

     This matter is before the Court upon Defendant Experian Information Solutions, Inc.'s ("Experian's") Motion to Compel Arbitration (Doc. 26).   The Magistrate Judge issued a Report and Recommendation recommending granting the Motion.   (Doc. 39).   Plaintiff Nicholas Ellis timely filed an Objection.   (Doc. 40).   Experian filed a Response to Plaintiff's Objections.   (Doc. 41).   After an independent review of the record, the Court **OVERRULES** Plaintiff's objection (Doc. 40) and **ADOPTS** the Report and Recommendation.   (Doc. 39).

## BACKGROUND

     Experian is a credit reporting agency.   (Doc. 1 at ¶ 1).   Plaintiff alleges that he contacted Experian to correct an inaccuracy in his credit report several times to no avail.   (Doc. 1 at ¶¶ 30-58).   As a result, Plaintiff filed a complaint against Experian.   (Doc. 1 at ¶ 57–58).   Before filing the complaint, Plaintiff enrolled in CreditWorks and agreed to its "Terms of Use," which includes an arbitration

provision enforceable by Experian. (Doc. 27 at 3–4, 15–16). Accordingly, Experian moved to compel arbitration. (Doc. 26).

In support of its Motion, Experian submitted a declaration from Dan Smith, the Director of Operations at ConsumerInfo.com, Inc. ("CIC"), an affiliate of Experian. (Doc. 27; Doc. 26 at 3). In the declaration, Smith confirmed that he reviewed all relevant documents, described the process that Plaintiff went through to enroll in CreditWorks and attested that, had Plaintiff not assented to the "Terms of Use Agreement," he would have been unable to enroll. (Doc. 27 at ¶ 4–5). Plaintiff filed a Response in Opposition to the Motion to Compel Arbitration, arguing that Experian "failed to submit sufficient evidence showing that Plaintiff personally agreed to arbitrate his claims with Experian and manifested such assent." (Doc. 28 at 2–3). Specifically, Plaintiff insisted that the best evidence rule required Experian to provide "membership enrollment data" of the "content of the alleged membership enrollment record." (Doc. 28 at 4).

Upon consideration of both parties' arguments, the Magistrate Judge recommends granting the Motion to Compel Arbitration, reasoning that "a declaration is admissible in evidence if supported by personal knowledge," and Smith demonstrated personal knowledge of Plaintiffs enrollment, the enrollment process, and the Terms of Use Agreement. (Doc. 39 at 5). Plaintiff objected, again arguing that the best evidence rule requires Experian provide the membership data showing that Plaintiff was a member of CreditWorks and that he therefore must have agreed to the Terms of Use. (Doc. 40 at 4). Experian responded. (Doc. 41).

## LEGAL STANDARD

A district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.

## DISCUSSION

The Court is unpersuaded by Plaintiff's objection that Smith's affidavit demonstrating personal knowledge of Plaintiff's membership enrollment in CreditWorks and, therefore, his assent to the Terms of Use, is insufficient under the best evidence rule because knowledge of Plaintiff's enrollment was "[d]erived from a [w]ritten [r]ecord." (Doc. 40 at 9–10).

Indeed, the best evidence rule applies only when "seek[ing] to prove the *content* of the writing." (Doc. 41 at 5) (quoting *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1543 (11th Cir. 1994)) (emphasis supplied). Here, Smith's declaration seeks to prove that an *event* occurred: that Plaintiff enrolled in CreditWorks. Smith's declaration showed personal knowledge of this event, and Plaintiff does not argue that Smith lacks such personal knowledge. (Doc. 27; Doc. 40 at 9–10). Thus, Smith's declaration is competent evidence of Plaintiff's enrollment in CreditWorks. *See, e.g., Mason v. Midland Funding LLC*, 815 F. App'x 320, 329 (11th Cir. 2020) (holding that the declarant's personal knowledge of whether an agreement was mailed to a plaintiff did not require documents to support her claim); *Hanson v. Experian Info. Sols., Inc.*, No. 1:23-CV-4564-MHC-CMS, 2024 WL 3509482, at *5

(N.D. Ga. July 22, 2024) (finding that an affidavit based on personal knowledge was appropriate to show that plaintiff enrolled in CreditWorks and assented to its Terms of Use where the declarant "review[ed] . . . pertinent documents maintained as business records by CIC in the course and scope of CIC's business, including Experian's internal records that store CreditWorks account information").

## CONCLUSION

Accordingly, it is **ORDERED**:

(1) The Report and Recommendation (Doc. 39) is **ADOPTED** and made a part of this Order for all purposes.

(2) Defendants' Motion to Compel Arbitration (Doc. 26) is **GRANTED**.

(3) The case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the resolution of the arbitration proceedings. The Clerk of the Court is **DIRECTED** to **STAY** this matter, place a **STAY FLAG** on this case, and administratively close the file until further order of the Court.

(4) The parties shall file a joint status report within ninety (90) days of the date of this Order to inform the Court of the status of the arbitration proceedings. Thereafter, the parties shall continue to file joint status reports with the Court every ninety (90) days until the arbitration proceedings are completed.

**ORDERED** in Tampa, Florida, on January 13, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE